**Kareem Hassan MILLHOUSE, Appellant**

v.

**Troy LEVI.**

**No. 07–4048.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 22, 2008.

Filed: Feb. 27, 2008.

Kareem Hassan Millhouse, Philadelphia, PA, pro se.

Jacqueline C. Romero, Office of United States Attorney, Philadelphia, PA, for Appellee.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Kareem Millhouse filed a motion entitled "Motion for Court to Investigate Federal Detention Center Envolvement [sic] in a Criminal Conspiracy to Retaliate, Humiliate Threaten and Neglect Plaintiff Request for Administrative Relief." The District Court denied the motion without prejudice because it appeared that Millhouse was making the same allegations as those in an already pending case, *Millhouse v. Arbsak*, E.D. Pa. No. 07–cv–1442. After the District Court denied Millhouse's motion for reconsideration, Millhouse filed a timely notice of appeal.

Because Millhouse is proceeding *in forma pauperis* on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In his motion to investigate, Millhouse alleged that he had been in administrative detention for fourteen months and was denied access to recreation, the law library, personal property, and medical treatment. He stated that staff had been assaultive and he had been poisoned. In his motion for reconsideration, Millhouse did not dispute that the allegations were duplicative; he argued that *Millhouse v. Arbsak* was a civil matter and he was requesting a criminal investigation. However, there is no federal right to require the government to initiate criminal proceedings. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d

536 (1973); *U.S. v. Berrigan*, 482 F.2d 171, 173–74 (3d Cir.1973).

Because the appeal lacks legal merit, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).